UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 08-CV-1158 (JFB)

_____

HARRY L. BABCOCK,

Appellant,

VERSUS

ROBERT PHILP, ET AL.,

Appellees.

_____

MEMORANDUM AND ORDER
October 31, 2008

_____

JOSEPH F. BIANCO, District Judge:

The instant case is an appeal from an order in the voluntary bankruptcy proceeding of debtor Harry L. Babcock ("appellant"), under Chapter 7 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). Specifically, *pro se* appellant appeals from an order of the Honorable Dorothy Eisenberg dated January 31, 2008, which denied appellant's motion to vacate the Bankruptcy Court's order dated November 19, 2007, which granted appellees' motion for relief from a stay imposed upon appellees to proceed with state court eviction proceedings against appellant. The Court dismisses appellant's appeal for inexcusable failure to file a brief pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure and his wilful failure to prosecute this appeal.

I. FACTS

The following facts are taken from the record of the bankruptcy court in the underlying proceeding.

On August 14, 2007, appellant filed for voluntary bankruptcy under Chapter 7 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of New York. This filing resulted in the automatic stay of state court eviction proceedings against appellant by the appellees. On October 12, 2007, appellees filed a motion in the Bankruptcy Court to vacate that stay. The Bankruptcy Court granted appellees' motion on November 19, 2007. Appellant filed a motion to vacate the

November 19 order on December 6, 2007, which the court denied on January 31, 2008.

II. PROCEDURAL HISTORY

On February 8, 2008, appellant filed an appeal from the Bankruptcy Court's order dated January 31, 2008 in the U.S. District Court in the Eastern District of New York. The appeal was docketed in this Court on March 20, 2008. In accordance with Rule 8009 of the Federal Rules of Bankruptcy Procedure, the Clerk of the Court sent notice to appellant that same day, advising that appellant's brief was due to be served and filed within 15 days of the docketing of the appeal. Appellant did not file a brief within fifteen days. By letter dated April 14, 2008 (after the deadline for filing appellant's brief had passed), appellant requested an extension of 30 days to file his brief. On April 16, 2008, this Court granted appellant's request and ordered appellant to file his brief by May 16, 2008. Appellant failed to submit his brief by May 16, 2008 and has made no further communications with the Court to date.

On September 18, 2008, the Court ordered appellant to submit a letter to the Court by October 16, 2008, notifying the Court whether he was continuing to pursue his appeal and, if so, explaining why he failed to submit his brief by May 16, 2008, as directed by the Court. The Court specifically notified appellant that "[f]ailure to respond to this Order will result in dismissal of the appeal with prejudice." Appellant has not responded to that Order and has not communicated with the Court since his letter of April 14, 2008.

III. DISCUSSION

Rule 8009 of the Federal Rules of Bankruptcy Procedure states that "[u]nless the district court . . . excuses the filing of briefs or specifies different time limits . . . [t]he appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007." This time limitation is not jurisdictional; rather "the court should exercise discretion to determine whether dismissal [due to failure to timely file a brief] is appropriate in the circumstances, and its decision to dismiss will be affirmed unless it has abused its discretion." *In re Tampa Chain Co., Inc.*, 835 F.2d 54, 55 (2d Cir. 1987). Among the factors that the Court may consider in determining if dismissal is appropriate is whether there is a showing of bad faith, negligence, or indifference. *See In re Tampa*, 835 F.2d at 55; *accord Futterman v. Zurich Capital Corp.*, 99-CV-8793 (DAB), 2001 WL 282716, at *3 (S.D.N.Y. Mar. 21, 2001). Moreover, it is axiomatic that "[a] district court also has the power to dismiss for failure to prosecute *sua sponte*." *Martens v. Thomann*, 273 F.3d 159, 179 (2d. Cir. 2001).

Many courts have found an appellant's failure to timely file a brief inexcusable where, as here, the appellant failed to provide an explanation for the late filing within several months of the missed due date. *See, e.g., In re Tampa Chain Co., Inc.*, 835 F.2d 54, 56 (2d Cir. 1987) (affirming the dismissal of an appeal from bankruptcy court where appellant failed to file a brief for seven months after the due date and provided no excuse); *In re A&J Elastic Mills, Inc.*, 34 BR 977 (S.D.N.Y. 1983) (finding a delay of almost 3 months inexcusable despite the alleged disappearance of the record of proceedings, because the creditor failed to contact the court for over two months); *see also Adler v. Bancplus Mortgage Corp.*, 108 Bankr. 435 (S.D.N.Y. 1989) ("failure to file a

timely brief may result in dismissal of the appeal"). Appellant here missed two deadlines and, while his belated request for an extension of the first deadline included an excuse, he has offered no explanation for missing the second deadline in the intervening months. In fact, not only has appellant missed the second deadline, he failed to respond at all to the Court's September 18, 2008 Order to explain why the brief still had not been filed. This Court finds this conduct and substantial delay to be inexcusable under these circumstances. The fact that appellant is *pro se* does not alter this analysis. *See e.g., Edwards v. INS,*, 59 F.3d 5, 8 (2d Cir. 1995) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them."). This is particularly true where, as here, *pro se* appellant's initial request for extension makes clear that plaintiff understood that his brief would then be due within 30 days and, after missing that second deadline, the Court gave appellant notice that an explanation was required via its Order of September 18, 2008. Appellant in the instant case has provided no excuse for his failure to file his brief by the second deadline, and has provided no explanation to the Court in the months since the second deadline passed. The Court has considered whether some lesser sanction is appropriate, but concludes that a lesser sanction is unwarranted because of the appellant's missing of two deadlines, his disregard of the Court's Order requesting an explanation, and his utter failure to communicate with the Court in months. Moreover, appellant was specifically advised that failure to communicate with the Court by October 16, 2008 would result in dismissal of the appeal with prejudice, yet failed to respond. Under these circumstances, plaintiff's indifference to the prosecution of this appeal and pattern of disregarding the Court's Orders for many months are wilful and in bad faith. For these reasons, in its discretion, the Court finds that appellant's failure to timely submit a brief in this appeal is inexcusable and the appeal should be dismissed with prejudice given his complete failure to prosecute the appeal.

IV. CONCLUSION

For the foregoing reasons, appellant's appeal is dismissed with prejudice. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: October 31, 2008
Central Islip, NY

\* \* \*

Appellant Harry L. Babcock is *pro se*. Appellees are represented by Richard L. Stern, Macco & Stern LLP, 135 Pinelawn Road, Suite 120 South, Melville, New York, 11747.